UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------x
                                            :
IN RE                                       :  Chapter 11
WORLDCOM, INC., et al.,                     :  Bankruptcy Case No:
                                            :  02-13533 (AJG)
        Debtors.                            :  (Jointly Administered)
-------------------------------------------x
WORLDCOM, INC., a Georgia corporation,      :
                                            :
        Plaintiff,                          :
v.                                          :
                                            :  Adversary No. 03-02058
ASSOCIATED ELECTRIC & GAS INSURANCE         :
SERVICES LIMITED, et al.,                   :
                                            :
        Defendants,                         :
-------------------------------------------x
SR INTERNATIONAL BUSINESS INSURANCE         :
COMPANY,                                    :
                                            :
        Counterclaimant,                    :
v.                                          :
                                            :
BERNARD EBBERS, SCOTT D. SULLIVAN,          :
BETTY L. VINSON, TROY M. NORMAND,           :
JOHN W. SIDGMORE, BERT C. ROBERTS,          :
RONALD BEAUMONT, MAX E. BOBBITT,            :
FRANCESCO GALESI, JUDITH AREEN,             :
CARL J. AYCOCK, STILES A. KELLET, JR.,      :
DAVID F. MYERS, GORDON S. MACKLIN,          :
JUAN VILLALONGA, JOHN A. PORTER,            :
BUFORD YATES, JR., JAMES C. ALLEN,          :
LAWRENCE A. TUCKER, CLIFFORD                :
ALEXANDER, JR., SUSAN MAYER and             :
J. DOES 1-50,                               :
                                            :
        Additional Defendants on            :
        the Counterclaim.                   :
                                            :
-------------------------------------------x
```

**MOTION OF BERT C. ROBERTS, JR. AND FRANCESCO GALESI
TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT
<u>AND INCORPORATED MEMORANDUM OF LAW</u>**

Bert C. Roberts, Jr. and Francesco Galesi, pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011, move the Court to withdraw the reference to the Bankruptcy Court and state:

**BACKGROUND**

1. On January 29, 2003, debtor initiated this adversary proceeding against Associated Electric & Gas Insurance Services Limited, et al. (the "Associated Electric adversary proceeding"), seeking a declaration with respect to questions of insurance coverage related to various excess blended insurance policies and excess directors and officers ("D&O") insurance. Mr. Roberts and Mr. Galesi and the other non-culpable former directors of WorldCom are named insureds under these policies and real parties in interest in this adversary proceeding.

2. On September 8, 2003, the Debtor filed a Motion for Partial Summary Judgment with respect to whether "innocent" directors would be afforded coverage under various policies of insurance issued to WorldCom under certain excess blended insurance policies and excess D&O insurance ("MSJ Motion"). Specifically, the debtor sought entry of an order adjudicating the rights of Mr. Roberts and Mr. Galesi and other former directors to coverage under the D&O policies notwithstanding the alleged wrongful conduct of certain individuals in procuring the policies.

3. On or about September 22, 2003, Defendant/Counterclaimant SR International Business Insurance Company ("SRI") filed its

Answer and Counterclaim[1]. SRI sued, *inter alia*, former directors, James C. Allen, Judith Areen, Carl J. Aycock, Max E. Bobbitt, Francesco Galesi, Gordon S. Macklin, John A. Porter, Bert C. Roberts, Jr., Estate of John W. Sidgmore, Lawrence Tucker, and Juan Villalonga ("Director Defendants").

4.  On May 12, 2004, Mr. Roberts, Mr. Galesi and several of the Director Defendants filed a Motion to Dismiss the counterclaim for insufficient service, insufficient process and failure to prosecute. That motion is *sub judice* with Judge Gonzalez.

5.  In addition, three Defendants, Associated Electric & Gas Insurance Services Limited, Gulf Insurance Company and Twin City Fire Insurance Company filed Motions to Dismiss, which were granted on May 14, 2004 by the Bankruptcy Court.

6.  Notably, Defendants, SRI, Continental Casualty Company, and Starr Excess Liability Insurance International Limited did not file any such motion or otherwise join in the moving parties' Motions to Dismiss. As noted above, SRI answered the Complaint and filed a Counterclaim against Mr. Roberts, Mr. Galesi and other former directors.

7.  On appeal before the District Court are the cases of <u>Continental Casualty Company v. WorldCom</u> (No. 03 Civ. 7927) and <u>Twin City Fire Insurance Company</u> (No. 03 Civ. 9460) arising from

---

[1] Though filed as a counterclaim, procedurally this should have been filed as a third party complaint.

the Associated Electric adversary proceeding. These appeals deal with actions commenced in District Court by Continental Casualty and Twin City in violation of the automatic stay and the status of those lawsuits as being void *ab initio*.

8. The history of the civil litigation arising from the collapse of WorldCom is set forth in various orders of the District Court, including the Opinion and Order dated April 23, 2004. This insurance coverage dispute is directly related to the consolidated securities and ERISA litigations pending before the District Court. Moreover, certain disputes involving the rights of former directors who are defendants in the securities litigation to insurance coverage will best be resolved in the District Court.

**ARGUMENT**

**POINT I**

**WITHDRAWAL OF THE REFERENCE IS WARRANTED**

A district court's decision to withdraw the reference of an adversary proceeding is governed by 28 U.S.C. § 157(d). Under this statute, withdrawal of the reference may be mandatory or discretionary. Id. 28 U.S.C. § 157(d) provides in pertinent part:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown....

The test for ascertaining whether permissive withdrawal is proper requires a court to resolve whether "cause" exists. Further, when making a "cause" determination, district courts are

to consider factors such as:

> The goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economic use of the debtors' and creditors' resources, and expediting the bankruptcy process.

Holland America Ins. Co v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985). Finally, the movant has the burden of showing that "cause" exists. U.S. v. Kaplan, 146 Bankr. 500, 503 (D. Mass 1992); Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec., 106 Bankr. 367, 370 (D.Del. 1989).

Although § 157(d) does not define "cause," case law suggests that the following factors may be considered: (1) judicial economy; (2) promotion of uniformity and efficiency in bankruptcy administration; (3) reduction of forum shopping; (4) delay and costs to the parties; (5) the particular court's familiarity with the case; and (6) whether the adversary proceeding is core or non-core. HA 2003, Inc. v. Federal Ins. Co., (In re HA 2003, Inc.), 42 Bankr. Ct. Dec. 234 (N.D. Ill. 2004). Here, adequate cause exists for the District Court to withdraw the reference.

   A.   Judicial Economy.

First, central issues of the coverage dispute are whether alleged wrongful conduct of certain individuals in procuring the insurance coverage can be attributed to Mr. Roberts, Mr. Galesi and other former directors who are named insureds under the policies. This Court is uniquely familiar with the underlying issues and the parties that are involved in the Associated Electric adversary

proceeding. Moreover, these issues are fully briefed by the parties in the <u>Associated Electric</u> adversary proceeding and are *sub judice* before Judge Gonzalez. If this Court would permit the <u>primary</u> beneficiaries, Mr. Roberts, Mr. Galesi and other former directors, to address these issues, the matter would be ripe for decision.

Second, the <u>Continental Casualty</u> and <u>Twin City</u> appeals are already before the District Court.

Third, the District Court is conducting a plenary administration of the civil litigation from the collapse of WorldCom, and settlement negotiations are underway. The Court recognizes the importance of these settlement negotiations as noted in Judge Cote's Opinion and Order dated April 23, 2004:

> On November 7, 2002, the Court ordered the parties in the <u>Securities Litigation</u> to participate in settlement negotiations under the supervision of the Honorable Michael H. Dolinger, Magistrate Judge of the Southern District of New York. In addition, on September 22, 2003, the Court ordered the parties to engage in further settlement negotiations under the joint supervision of the Honorable Robert W. Sweet, United States District Judge for the Southern District of New York, and Magistrate Judge Dolinger. These two judicial officers and the parties in the <u>Securities Litigation</u> have invested a significant amount of time over the intervening months in settlement negotiations. To date, no settlement has been announced.

April 23, 2004 Opinion and Order at 10.

Settlement negotiations naturally involve the availability of insurance coverage to indemnify Mr. Roberts, Mr. Galesi and other

6

former directors. If the insurance carriers are permitted to wander off into various state forums, denying defense and indemnity coverages as they have, settlement negotiations will be materially and adversely impacted.

Thus, judicial economy would be served by having the District Court preside over the coverage issues in the <u>Associated Electric</u> adversary proceeding, the <u>Continental</u> and <u>Twin City</u> appeals, and the rights of the former directors to defense and indemnity coverage.

    B.   <u>Forum Shopping</u>.

Proceeding before the District Court will preclude forum shopping. Forum shopping will occur if each insurance company seeks to pursue state law claims in various states. Substantial resources will be conserved through the District Court's adjudication of the issues.

    C.   <u>Familiarity with the Case</u>.

The District Court is well familiar with the civil litigation resulting from the collapse of WorldCom.

    D.   <u>Non Core</u>.

The <u>Associated Electric</u> adversary proceeding is non core. Dismissed as it is, it seems this factor would not weigh heavily.

In conclusion, by weighing the factors discussed in <u>HA 2003</u> opinion, adequate cause exists for the District Court to withdraw the reference.

## **POINT II**

## **THIS COURT HAS JURISDICTION OVER THE SUBJECT MATTER OF THE ADVERSARY PROCEEDING**

In his Order granting Motions to Dismiss Complaint Against Defendants, Judge Gonzalez found:

> WorldCom has no exposure to be covered by entity coverage because, pursuant to the terms of the Plan, WorldCom was released from any liability for which it could seek entity coverage.
>
> In addition, the Plan sets a $25 million cap on WorldCom's obligation to reimburse directors and officers. The Plan terms provide that this amount is paid by the reorganized debtor, not the estate.

May 14, 2004 Order at 9.

Judge Gonzalez concluded that WorldCom had a *de minimus* interest in the policies and, thus, declined to retain jurisdiction over the matter. Effectively, Judge Gonzalez determined that the coverage dispute is now between the carriers and the former directors. Thus, this Court may exercise and should exercise its jurisdiction over the coverage dispute in the Associated Electric adversary proceeding, pursuant to the Federal Declaratory Judgment Act.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides:

> In a case of actual controversy within its jurisdiction.....any court of the United States.....may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

Id.

It is well settled that the granting of a declaratory judgment rests in the sound discretion of the trial court exercised in the public interest. Gilbert, Segall and Young v. Bank of Montreal, 785 F.Supp. 453 (S.D.N.Y. 1992); Gribin v. Hammer Galleries, 793 F.Supp. 233 (C.D. Cal. 1992).

The Second Circuit has stated that in deciding whether to render declaratory relief, a court should be guided by the criteria set forth in Broadview Chem. Corp. v. Loctite Corp., 417, F.2d 998, 1001 (2nd Cir. 1969), cert. denied, 397 U.S. 1064, 25 L.Ed. 2d 686, 90 S.Ct. 1502 (1970). In that case, the Second Circuit stated that "the two principal criteria guiding the policy in favor of rendering declaratory judgments are: (1) when the judgment will serve the useful purpose in clarifying the settling of the legal relations in issue; and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Id. In addition, "if either of these objectives can be achieved[,] the action should be entertained and the failure to do so is error." Id.

Moreover, this Court has the authority, in the form of ancillary jurisdiction, to deal with the subject matter of the Associated Electric adversary proceeding. As held in Judge Cote's Opinion & Order dated April 23, 2004:

> When a federal court has jurisdiction over an action, "the All-Writs Act grants it ancillary jurisdiction to issue writs 'necessary or appropriate in aid of' that jurisdiction." Baldwin-United, 770 F.2d at 335. See also

> <u>Covanta Onondaga Ltd. v. Onondaga County Resource Recovery Agency</u>, 318 F.3d 392, 396 (2d Cir. 2003). That includes the power to issue writs affecting third parties.
>
> > The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice.
>
> <u>United States v. New York Tel. Co.</u>, 434 U.S. 159, 174 (1977) (citation omitted). <u>See also</u> <u>Sprint Spectrum L.P. v. Mills</u>, 283 F.3d 404, 413-14 (2d Cir. 2002); <u>United States v. Int'l Broth. of Teamsters</u>, 266 F.3d 45, 49-50 (2d Cir. 2001).

April 23, 2004 Opinion & Order at 45.

Thus, the Court should exercise jurisdiction over the subject matter of the <u>Associated Electric</u> adversary proceeding.

**CONCLUSION**

For the foregoing reasons, the District Court should withdraw the reference of the Associated Electric adversary proceeding and vacate Judge Gonzalez's Order of May 14, 2004.

| | |
|---|---|
| FISH & RICHARDSON P.C. | COOPER, RIDGE & LANTINBERG, P.A. |
| S/Geoffrey S. Harper | s/George E. Ridge |
| Geoffrey S. Harper | George E. Ridge |
| Texas Bar No. 00795408 | Florida Bar No. 226701 |
| *Admitted Pro Hac Vice* | *Admitted Pro Hac Vice* |
| Beth G. Jaynes | 200 West Forsyth St., Ste. 1200 |
| Texas Bar No. 08052020 | Jacksonville, Florida 32202 |
| *Admitted Pro Hac Vice* | (904)353-6555 |
| 5000 Bank One Center | (904)353-7550 (facsimile) |
| 1717 Main Street | |
| Dallas, Texas 75201 | *Counsel to Bert C. Roberts, Jr.* |
| (214) 747-5070 | |
| (214) 747-2091 (facsimile) | |
| | |
| *Counsel to Francesco Galesi* | |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic transmission, facsimile or U.S. mail, as indicated, on all persons listed below on this 28th day of May 2004.

                                                /George E. Ridge
                                                Attorney

**Electronic Mail Notice List**

**Aaron R. Cahn**
cahn@clm.com cahn@clm.com

**Patrick C. Dunican**
pdunican@gibbonslaw.com

**Clinton B. Fisher**
fisherc@ghrdc.com

**Robert K. Malone**
robert.malone@dbr.com

**Michael S. O'Reilly**
mo'reilly@gibbonslaw.com

**Irving H. Picard**
ipicard@gibbonslaw.com ipicard@gibbonslaw.com

**Stuart F. Pierson**
stuart.pierson@troutmansanders.com

**Louis A. Scarcella**
mail@srsllp.com

**Harvey A. Strickon**
harveystrickon@paulhastings.com
frankdagostino@paulhastings.com;lawrencemehringer@paulhastings.com;lauralifland@paulhastings.com

**Richard N. Tilton**
tilton@bankruptcy-acquisition.com

**Frank F. Velocci**
frank.velocci@dbr.com steven.alfred@dbr.com

**Kelly R. Vickers**
vickers@fr.com

**Service By Facsimile**:

    Richard A. Kissel, Esq.
    Kissel & Pesce LLP
    555 White Plains Road
    Tarrytown, NY 10591

    Dan A. Bailey, Esq.
    Bailey Cavalieri LLC
    One Columbus
    10 West Broad Street, Suite 2100
    Columbus, OH 43215

    Joseph D. Pope, Esq.
    Kronish Lieb Weiner & Hellman LLP
    1114 Avenue of the Americas
    New York, NY 10036

    David W. Steuber
    Howrey Simon Arnold & White
    550 South Hope Street, Suite 1100
    Los Angeles, CA 90071

    Wayne E. Borgeest, Esq.
    Kaufman Borgeest & Ryan LLP
    99 Park Avenue
    New York, NY 10017

    Thomas J. Kavaler
    David G. Januszewski
    CAHILL GORDON & REINDEL LLP
    80 Pine Street
    New York, NY 10005

    Paul C. Curnin, Esq.
    SIMPSON THACHER & BARTLETT
    425 Lexington Avenue
    New York, NY 10017-3945

    Brendan V. Sullivan
    Michael S. Sundermeyer
    Christopher N. Manning
    Karyn A. Temple
    WILLIAMS & CONNOLLY LLP
    725 Twelfth Street, NW
    Washington, DC 20005

Stephen Z. Starr
PAUL, HASTINGS, JANOFSKY & WALKER
75 East 55th Street
New York, NY 10022

Timothy Walsh
PIPER RUDNICK, LLP
1200 19TH Street, NW
Washington, DC 20036

Pamela Rogers Chepiga
ALLEN & OVERY
1221 Avenue of the Americas
New York, NY 20020

Alan Friedman
Marjorie Feldman
KRAMER LEVIN
919 Third Avenue
New York, NY 10022

William F. Boyer
SHARP & ASSOCIATES
2020 K Street NW
Washington, DC

Raymond R. Castello
FISH & RICHARDSON PC
45 Rockefeller Plaza, Suite 2800
New York, NY 10111

Jennifer Yang
WINSTON & STRAWN
200 Park Avenue
New York, NY 10166

Jayne S. Robinson
ROBINSON MURPHY & MCDONALD
100 Park Avenue, Suite 2203
New York, NY 10017

Michael Keeley
STRASBURGER & PRICE LLP
901 Main Street
Suite 4300
Dallas, TX 75202

Ira S. Dizengoff
AKIN GUMP STRAUSS HAUER & FELD
590 Madison Avenue
New York, NY 10022

**Service by U.S. Mail**

    Bernard J. Ebbers
    2116 Highway 84
    Brookhaven, MS 39601

    Troy M. Normand
    302 Westwood Ct.
    Madison, MS 39110-7727

    Betty L. Vinson
    53 Chestnut Drive
    Madison, MS 39110-9468

    Buford T. Yates, Jr.
    108 Redbud Drive
    Brandon, MS 39047

    David F. Myers
    202 Ashton Place
    Madison, MS 39110

J:\03-02058 Motion to Withdraw the Reference to the Bankruptcy Court.wpdfs